IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dandriguez Allen, Jr., )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>Darlington County Detention )<br>Center and Patricia Ray, )<br>)<br>       Defendants. )<br>_____) | Civil Action No. 1:18-cv-1588-BHH<br><br>**<u>ORDER</u>** |

      This matter is before the Court upon Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated in the Darlington County Detention Center. On November 6, 2018, Defendants filed a motion for summary judgment. Plaintiff filed a response on November 30, 2018, and Defendants filed a reply on December 7, 2018. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On January 9, 2019, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Defendants' motion for summary judgment, finding no genuine issue of material fact as to Plaintiff's claim that Defendants were deliberately indifferent to his serious medical needs, and that Plaintiff's claim that inadequate warnings caused him to fall fails to establish a constitutional violation. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

      The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 33) and incorporates it herein, and the Court grants Defendants' motion for summary judgment (ECF No. 27).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

February 5, 2019
Charleston, South Carolina